## In re BRITANNIA MINING CO.

### BUSCHMANN v. NICKEY.

(Circuit Court of Appeals, Seventh Circuit. March 11, 1913.)

No. 1,967.

1. JUDICIAL SALES (§ 9*)—PLACE—STATUTES—APPLICATION.

Act March 3, 1893, c. 225, 27 Stat. 751 (U. S. Comp. St. 1901, p. 710), requiring that judicial sales of land shall be made on the property or at the courthouse in the county where it lies, on not less than four weeks'

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notice, applies not only to federal courts in existence when the act was passed, but to those subsequently created, unless something in the organic act exempts them, and governs as well any possible new forms of judicial sales under decrees, as foreclosure, execution, and partition sales then known.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 33; Dec. Dig. § 9.*]

**2. BANKRUPTCY (§ 262*)—SALE OF ASSETS—EQUITY OF REDEMPTION—PLACE— STATUTES.**

Act March 3, 1893, c. 225, 27 Stat. 751 (U. S. Comp. St. 1901, p. 710), requiring judicial sales of land to be made on the property or at the courthouse in the county where the land lies, on not less than four weeks' notice, was inapplicable to sales in bankruptcy; and hence a sale in Wisconsin of a bankrupt's equity of redemption in a mine in Montana without complying with such act was not void for that reason.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

Petition to Review and Revise an Order in Bankruptcy of the United States District Court for the Eastern District of Wisconsin; Arthur L. Sanborn, Judge.

In the matter of bankruptcy proceedings of the Britannia Mining Company. Original petition to review and revise an order (197 Fed. 459) reversing a referee's order denying the petition of a creditor to set aside a sale of certain of the bankrupt's real estate in Montana subject to a mortgage. Reversed.

Louis A. Lecher, of Milwaukee, Wis., for petitioner.

Jackson B. Kemper, of Milwaukee, Wis., for respondent.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Britannia Company, the bankrupt herein, had title to real estate, located in Montana, which, prior to adjudication of bankruptcy, had been sold on mortgage foreclosure to respondent Nickey. At a sale of the bankrupt's assets, conducted by the trustee in Milwaukee, Wis., petitioner Buschmann was the purchaser of the equity of redemption of the Montana real estate and received the trustee's deed therefor. Subsequently on motion of respondent Nickey the District Court annulled the deed and vacated the sale as being void for noncompliance with Act March 3, 1893, c. 225, 27 Stat. L. 751, 3 Fed. St. Ann. 54.

Said act is as follows:

"Section 1. That all real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale at the courthouse of the county, parish or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree of sale may direct.

"Sec. 2. That all personal property sold under any order or decree of any court of the United States shall be sold as provided in the first section of this act, unless in the opinion of the court rendering such order or decree it would be best to sell it in some other manner.

"Sec. 3. That hereafter no sale of real estate under any order, judgment or decree of any United States court shall be had without previous publication of notices of such proposed sale being ordered and had once a week for at least four weeks prior to such sale in at least one newspaper printed,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

regularly issued and having a general circulation in the county and state where the real estate proposed to be sold is situated, if such there be. If said property shall be situated in more than one county or state, such notice shall be published in such of the counties where said property is situated, as the court may direct. Said notice shall, among other things, describe the real estate to be sold. The court may, in its discretion, direct the publication of the notice of sale herein provided for to be made in such other papers as may seem proper."

Provisions of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) and General Orders which refer to title and sales of real estate in bankruptcy are these:

"Sec. 70a. The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * *

"(5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

"Sec. 70b. All real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers; they shall be appointed by, and report to, the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value.

"Sec. 70c. The title to property of a bankrupt estate which has been sold, as herein provided, shall be conveyed to the purchaser by the trustee."

"Sec. 58a. Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed with the papers in the case by the creditors, unless they waive notice in writing of * * *

"(4) all proposed sales of property."

"Sec. 47a. The trustees shall respectively * * *

"(2) collect and reduce to money the property of the estates for which they are trustees under the direction of the court," etc.

"Sec. 30a. All necessary rules, forms and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

General Order 18 (89 Fed. viii, 32 C. C. A. xx). "1. All sales shall be by public auction unless otherwise ordered by the court.

"2. Upon application to the court and for good cause shown, the trustee may be authorized to sell any specified portion of the bankrupt's estate at private sale; in which case he shall keep an accurate account of each article sold, and the price received therefor, and to whom sold; which account he shall file at once with the referee.

"3. Upon petition by the bankrupt, creditor, receiver or trustee, setting forth that a part or the whole of the bankrupt estate is perishable, the nature and location of such perishable estate, and that there will be loss if the same is not sold immediately, the court if satisfied of the facts stated and that the sale is required in the interest of the estate, may order the same to be sold, with or without notice to the creditors, and the proceeds to be deposited in court."

[1, 2] Undoubtedly the act of March 3, 1893, applies not only to federal courts then in existence, but also to those subsequently created, unless something in the organic act exempts them, and governs as well any possible new forms of judicial sales under decrees as foreclosure, execution, and partition sales then known. But, in our judgment, the act of 1893 has no application to trustees' sales of the assets of bank-

rupt estates for this prime reason: In a judicial sale under order or decree, the order or decree fixes the relative rights of the parties in the property according to the status or conduct or contract between them, and the sale itself is the thing that divests all the parties of their title and confers it upon another; while in a trustee's sale the sale itself is not the thing that divests the parties in interest of their title; there is no order or decree of the bankruptcy court that gives the creditors any adjudicated rights in specific property—the statute gives them the right to a distribution after the assets, not already in money, have been reduced to money; there is no order or decree that divests the bankrupt of his title—the only decree against him is the adjudication of bankruptcy, and after that he still has the legal title (in trust for the trustee thereafter to be elected); when the trustee is elected, eo instanti he is vested, not by virtue of any order or decree of court, but "by operation of law" (section 70a), with the title of the bankrupt as of the date of adjudication. In short, the statute operates as a self-executing conveyance from the bankrupt to the trustee. His quality of title is the same as if the statute, instead of operating directly, had required that the court should either cause the bankrupt to convey to the trustee or should appoint à commissioner to execute a conveyance in the bankrupt's name. So when the trustee, as grantor, conveys what he acquired as grantee, he is not making a sale within the purview of the act of March 3, 1893. If he needs to resort to the ancillary jurisdiction of bankruptcy courts in other districts, which jurisdiction, independently of the amendment in 1910 of section 2, subd. 20 (Act June 25, 1910, c. 412, §§ 1, 2, 36 Stat. 838 (U. S. Comp. St. Supp. 1911, p. 1492), was held to exist (Babbit v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969), it is not for the purpose of becoming vested with title and the right and power to sell and convey, but only to aid him in acquiring or holding or delivering possession.

Other sections of the Bankruptcy Act and of the General Orders, hereinabove quoted, only restrict, in the interest of the beneficiaries of the trust, the manner in which the trustee shall exercise his otherwise unlimited power of disposition; and they confirm us in the conclusion we have derived from a consideration of the nature of the trustee's title, namely, that Congress in the Bankruptcy Act has provided a comprehensive and exclusive method of administering estates of bankrupts.

A like answer has been given by the United States District Courts of Maine and Massachusetts. In re Edes (D. C.) 135 Fed. 595; In re National Mining Exploration Co. (D. C.) 193 Fed. 232. And a contrary one by the Supreme Court of Kansas. Robertson v. Howard, 82 Kan. 588, 109 Pac. 696.

The order under review is hereby vacated and held for naught.