## BRENEMAN v. CORRIGAN.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925.)

No. 4255.

Bankruptcy ☞396(5)—Bankrupt held entitled to homestead exemption in land held by the entirety.

A bankrupt *held*, under Or. L. § 221, entitled to claim homestead exemption in land held by himself and wife by the entirety.

Petition for Revision, in Matter of Law, of an Order of the District Court of the United States for the District of Oregon.

In the matter of H. J. Breneman, bankrupt; M. F. Corrigan, trustee. On petition by bankrupt for revision of order of District Court. Reversed and remanded.

Sidney Teiser and W. L. Cooper, both of Portland, Or., for petitioner.

William B. Layton, of Portland, Or., for respondent.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. September 21, 1921, Breneman was adjudged a bankrupt by the court below, and his petition therefor and schedules were duly referred by the court to its referee in bankruptcy. In the latter the bankrupt claimed as a homestead a certain described plot of land aggregating about 22½ acres, by reason of having lived and occupied it as his home since the year 1914; thereafter the respondent, Corrigan, was elected trustee of the bankrupt's estate and qualified as such. The trustee rejected the claim, and thereupon the bankrupt filed with the referee a verified petition, setting forth that he maintained his home and residence upon the property ever since and long before the filing of the petition in bankruptcy, and prayed that it might be set aside to him as exempt.

The trustee answered the bankrupt's petition for exemption, alleging that the property was not used as a homestead by him, that it was of greater value than allowed by the statutes of Oregon as exempt property, that the bankrupt had failed to claim it as exempt in a suit brought in a court of the state, that the bankrupt had failed to account to the trustee for the rents and income of the property, and also setting forth that the trustee had filed a petition for leave to sell it free and clear of liens. Subsequently the matter came on for hearing before the referee, resulting in an order denying the petition of the bankrupt to have the property exempted as his homestead, and authorizing the trustee to sell it free and clear of liens. Thereafter, upon the petition to the court below by the bankrupt for a review of that order, the court confirmed it.

The contention here is that in that respect the court erred as a matter of law. In this court the trustee entered a motion to dismiss the present petition on the grounds that the controversy between the parties "has been fully settled and determined since the order of the referee and before or during the pendency of these proceedings," and that the present petition was interposed purely for delay—in support of which motion the trustee relied upon an affidavit filed by him, and upon the records and files of a certain specified suit in a court of the state, brought by one Nayberger against the bankrupt and his wife for certain merchandise alleged to have been furnished them. While the petitioner moved that the affidavit and records thus introduced by the trustee be stricken from the record, that motion is practically abandoned in the brief of his attorneys; they contending that the affidavit and other records referred to tend to strengthen rather than to weaken their position. It appears that the bankrupt and his wife (Edith Breneman)—the latter having also been adjudged a bankrupt about a year after her husband was—at both of those dates were the owners of the property in question by entirety, such estates being recognized by the laws of Oregon.

The contention of the respondent is that by voluntarily signing their respective peti-

tions in bankruptcy, they transferred the entire title to the property, and thereafter that neither of them have or could have any further interest in it. "An estate by entireties is defined as an estate held by husband and wife by virtue of title acquired by them jointly after marriage. It is a peculiar and anomalous estate. It is a sui generis species of tenancy. The essential characteristic of an estate by the entirety is that each spouse is seized of the whole of the entirety, and not of a share, moiety, or divisible part. Each is seized "per tout et non per my." There is but one estate, and, in contemplation of law, it is held by but one person. But while a tenant by the entireties owns the entire estate, yet where it is owned in fee it is not greater in quantity than any other estate in fee. During coverture neither spouse has an estate of inheritance in property held as an estate by the entirety. None of the incidents peculiar to the estate rests upon any ground of public policy." 30 C. J. 564, 565, and cases there cited.

In 13 R. C. L. § 121, p. 1096, it is defined as follows: "An estate by the entireties has been defined as an estate held by husband and wife together so long as both live, and, after the death of either, by the survivor so long as the estate lasts." That such estates are still recognized by the laws of Oregon is conceded, and it is also conceded that joint tenancy, except in cases of trustees and executors, has been there abolished.

By section 221 of the Oregon laws, it is declared: "A homestead shall be exempt from sale on execution from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of three thousand dollars ($3,000), except as otherwise provided by law. The homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child, and such exemption shall not be impaired by temporary removal or absence with the intention to reoccupy the same as a homestead, nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding three thousand dollars ($3,000), while held, with the intention to procure another homestead therewith, for a period not exceeding one year."

From what has been said, it will be seen that the real question for decision is: Can a husband, occupying a piece of land with his wife and family, containing 22½ acres, legally claim the exemption there allowed, where such homestead is held under tenancy by the entirety? It is true that the Supreme Court of Oregon in the case of Howell v. Folsom, 38 Or. 184, 63 P. 116, 84 Am. St. Rep. 785, speaking through Mr. Chief Justice Bean, held that both husband and wife may separately mortgage their interest in land held by entirety; but the same learned judge, in the subsequent case of Hayes v. Horton, 46 Or. 597, 81 P. 386, also delivering the opinion of the court, further held that, while either party to an estate by entirety may separately mortgage his or her interest, such a mortgage does not change the status of the property right of the other party thereto. That, it seems to us, must necessarily be so, in view of the right of survivorship, which is one of the essential elements of a tenancy by entirety. During the life of both husband and wife, they own, as has been shown, in equal shares, with the right of survivorship in both. In the present case, so far as appears, both are still alive, and certainly were alive at the time of their respective voluntary petitions in insolvency.

Even a conveyance by deed of all of the interest of either of the spouses would not have affected any right of the other. Hayes v. Horton, 46 Or. 597, 81 P. 386, supra. Breneman was head of the family, and was fully authorized to avail himself of the privilege conferred by section 221 of the Oregon Laws, that has been above set forth, to select a homestead on the piece of land in question not exceeding in value $3,000, and to claim it as exempt. At its present term the Supreme Court of the United States distinctly adjudged that no provision of the Bankruptcy Law (Comp. St. §§ 9585–9656) interferes with a state statute regarding homesteads. White v. Stumpf, 45 S. Ct. 103, 69 L. Ed. ——. The very purpose of homestead laws is to secure a home and protection for husband, wife, and children against adverse fortune and should always be liberally construed. It was so expressly declared by Judge Hunt in the case of In re Culwell (D. C.) 165 F. 828, 829, and many decisions to the same effect might readily be cited. The homestead authorized by the Oregon statute, not to exceed in value $3,000, is thereby required to be "the actual abode of and occupied by the owner, his or her spouse, parent or child"; but the character of the ownership is by the statute in no wise declared or specified.

That the ownership of husband and wife under a statute authorizing estates by the entirety is just as much the basis of a homestead claim as ownership according to the rules of the common law was distinctly ad-

judged by the Supreme Court of Oregon in the case already cited. It was also so held by the Supreme Court of Tennessee in the carefully considered case of Jackson et al. v. Shelton, 89 Tenn. 82, 16 S. W. 142, 12 L. R. A. 514, and by the Supreme Court of Michigan in the case of Cole v. Cole, 126 Mich. 569, 85 N. W. 1,098. See, also, Waples on Homestead and Exemption, pp. 108, 109, 110, and cases there cited.

Order reversed, and case remanded to the court below for further proceedings in accordance with the views above expressed.