## GEORGOUSES et al. v. GILLEN et al.

Circuit Court of Appeals, Ninth Circuit.
February 20, 1928.

Rehearing Denied March 19, 1928.

No. 5230.

Bankruptcy ⬤⟜396(5)—Bankrupts' filing of homestead claims after adjudication held ineffective to create homestead exemption (Bankr. Act, § 47, as amended in 1910, and § 70a [11 USCA §§ 75, 110] Civ. Code Ariz. 1913, pars. 3288, 3289, 3292).

Under Bankruptcy Act, § 70a (11 USCA § 110), bankrupts' title to their property passed to bankruptcy trustee on date of adjudication, and their subsequent filing of homestead claims under Civ. Code Ariz. 1913, pars. 3288, 3289, 3292, was ineffective to defeat trustee's title to property involved; such state exemption statutes not being self-executing, but requiring filing of notice of homestead claim to create homestead status, and amendment of 1910 to Bankruptcy Act, § 47 (11 USCA § 75), vesting trustee with all rights and remedies of creditors holding lien on bankrupts' property, did not diminish title vested in trustee under section 70a (11 USCA § 110).

Appeal from the District Court of the United States for the District of Arizona.

In the matter of John G. Georgouses and others, bankrupts. From an order confirming an order of the referee denying bankrupts' homestead exemption claims, bankrupts, opposed by D. M. Gillen, bankruptcy trustee, and others, appeal. Affirmed.

Samuel White, of Phœnix, Ariz., for appellants.

Thomas W. Nealon and Thomas A. Flynn, both of Phœnix, Ariz., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. On January 11, 1926, the four appellants, residing and engaged in the restaurant business at Phœnix, Ariz., were individually and as copartners adjudged involuntary bankrupts, upon a petition filed a short time prior thereto. In their schedules, filed 10 days later, each claimed a homestead exemption. Upon a hearing had in proceedings for the withdrawal from administration of the property so claimed, the referee entered an order denying all the claims, which was thereafter confirmed by the District Judge. From the order of confirmation, the bankrupts prosecute this appeal. Two of them, James C. and Tony Georgouses, have abandoned their claims and stipulated that their appeals may be dismissed.

From the stipulation of facts it appears that the property in question, consisting of a single tract of agricultural land near Phœnix, was purchased with the funds of the partnership, and title thereto was, at least up to May 8, 1924, in the name of the appellant John G. Georgouses, who held it in trust for the partnership. The land wa: used by the partnership for dairying purposes, and continued in such use and in the possession of the partnership until it was taken over by a receiver appointed in the bankruptcy proceedings on December 31, 1925. There were, however, received in evidence instruments in the form of deeds, bearing date May 7, 1924, with notarial seal of the same date, and signed by John G. Georgouses, purporting to convey to appellants severally portions of or interests in the premises. These instruments were not placed on public record until December 24, 1925, a week before the institution of the bankruptcy proceeding.

By paragraph 3288 of the Revised Statutes of Arizona (Civ. Code 1913), it is provided that any head of a family residing in the state may hold as a homestead, exempt from execution, land in a compact body not to exceed the value of $4,000. But by paragraph 3289 it is further provided that, to avail himself of this privilege, the claimant must file for record in the office of the recorder of the county in which the property is situated a verified claim of a prescribed form. And paragraph 3292 provides that: "The homestead shall, from the date of the recording the claim of homestead, be exempt from attachment * * * and forced sale, and from sale under any judgment or lien existing prior to the recording of such claim, except a mortgage. * * * No such sale made after the recording of the claim of homestead shall be valid or convey any interest in such homestead, whether made under a judgment existing before or after the recording of such claim."

No such claim was ever filed by any one of the appellants until January 27, 1926, 16 days after the adjudication, on which date each one of them executed in due form and filed for record a claim for the identical share of or interest in the dairy land conveyed to him by the deed already referred to as bearing date May 7, 1924. Whether, in view of the relation of the property to the partnership estate, the filing of homestead claims before the institution of the bankruptcy proceeding would have operated to defeat the claims of creditors against either the partnership or the individual members thereof, we do not deem it necessary to decide.

Admittedly, the state exemption statute is not self-executing, and when the petition in bankruptcy was filed no part of the property had a homestead status.

We find no escape from the view that the case of White v. Stump, 266 U. S. 310, 45 S. Ct. 103, 69 L. Ed. 301, is controlling. True, the Arizona statute is not identical with the state statute there involved, and we are not unmindful that the language of a decision is not infrequently to be understood as qualified by the specific facts and issues under consideration; but in that case the Supreme Court apparently establishes a general standard, the basic principle of which is equally applicable to the instant case. Said the court:

"The provisions before cited show—some expressly and others impliedly—that one common point of time is intended and that it is the date of the filing of the petition. The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to 'property which is exempt.' Section 70a [11 USCA § 110]. The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process."

Citing the amendment of 1910 to section 47 of the Bankruptcy Act (11 USCA § 75), to the effect that a trustee in bankruptcy is deemed to be vested with all the rights and remedies of creditors holding a lien on the bankrupt's property, etc., appellants argue that the trustee has only a lien upon the property of the estate, and that, therefore, under the Arizona statute, differing in that respect from the Idaho law, the subsequent filing of the homestead claim defeats this as well as other liens. But that is to misapprehend the scope and purpose of the amendment. Under section 70a, the trustee, upon his appointment and qualification, is "vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt," excepting only exempt property. In other words, without further or other proceeding, upon the trustee's qualification he steps into the shoes of the bankrupt, taking his title and succeeding to all his rights. In re Britannia Mining Co. (C. C. A.) 203 F. 450. But in the practical administration of the law it was found that for the protection of creditors in certain contingencies it was necessary that the trustee be also invested with the rights and powers which creditors having specific liens might have exercised but for the institution of bankruptcy proceedings. Hence the amendment to section 47, which in no wise diminishes the title vested in him by virtue of section 70a, but under certain conditions places him in a position superior to that which he would occupy merely as a grantee or successor in interest of the bankrupt. 2 Collier on Bankruptcy (13th Ed.) p. 1053.

We are therefore of the opinion that, when the homestead claims here were filed, the title to the property and the right of possession thereof had passed beyond their reach.

The decree below is affirmed.