In re MATLEY.

No. 683.

District Court, D. Nevada.

Nov. 25, 1941.

Judgment Affirmed Sept. 15, 1942.

See 130 F.2d 775.

Painter, Withers & Edwards, of Reno, Nev., for trustee.

W. M. Kearney, of Reno, Nev., for Verna May Matley.

NORCROSS, District Judge.

This is an appeal from an order of the referee denying the petition of the wife of the bankrupt that certain premises in the City of Reno be declared exempt and set aside and recognized as a homestead. The denial of the petition is based on one of the grounds of objection stated by the trustee: "That no declaration of homestead as required by law was filed * * * prior to the filing of the petition in bankruptcy herein on the 24th day of October, 1940."

The salient facts appear to be the following: That certain creditors filed a petition in involuntary bankruptcy October 24, 1940. On the same date the alleged bankrupt filed an answer to the petition admitting the material allegations thereof and, thereupon, an order was entered adjudging him to be a bankrupt. Pursuant to an order of the referee, the bankrupt on November 6, 1940, filed schedules of his debts and assets with the referee in which was listed the real property in question but no claim of homestead exemption, in respect thereto, was by him made therein. At the first creditors' meeting held November 8, 1940, a trustee was elected and qualified. On November 27, 1940, Verna May Matley, wife of the bankrupt, filed a petition claiming a homestead on the premises in question. The bankrupt and petitioner, his wife, were married April 22, 1931. The property, comprising the claimed homestead including the home and other improvements constructed thereon, was acquired from their earnings after their marriage and, hence, was community property. At the time of instituting the proceedings in bankruptcy the property was free of incumbrance and was occupied by the wife of the bankrupt, the said parties theretofore having separated and were then living separate and apart. A declaration of homestead in due form was acknowledged and filed by Mrs. Matley November 20, 1940, and recorded in the records of Washoe County, Nevada.

The decision of the referee is based on the decision of the Supreme Court in White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L. Ed. 301, and that of the Circuit Court of Appeals of this Ninth Circuit in Georgouses v. Gillen, 24 F.2d 292. The White v. Stump case, supra, involved a construction of statutes of the State of Idaho respecting homestead exemption. In that case Stump was adjudged a bankrupt on his voluntary petition. He did not in his petition or schedule claim a homestead exemption. Two months later the bankrupt's wife, with his assent, asked that the land be set apart as an exempt homestead for their joint benefit. This request of the wife was based on a declaration of homestead made and filed for record a month subsequent to the filing of the petition in bankruptcy. In reference to the Idaho law under consideration the Supreme Court said: "The laws of the state of Idaho, where the land is situate, provide for a homestead exemption, but only where a declaration that the land is both occupied and claimed as a homestead is made and filed for record as therein prescribed. If the family consist of husband and wife, whether with or without children, either may make the declaration, * * *. The exemption arises when the declaration is filed, and not before. Up to that time the land is subject to execution and attachment like other land; and where a levy is affected while the land is in that condition the subsequent making and filing of a declaration neither avoids the levy nor prevents a sale under it."

In the case of Georgouses v. Gillen, supra, no question of a wife's rights in property subject to a homestead status was presented.

Respecting certain of the respective rights of husband and wife in community property

section 3360 of Nevada Compiled Laws contains the following provision: "The husband shall have the entire management and control of the community property, with the like absolute power of disposition thereof, except as hereinafter provided, as of his own separate estate; provided, that no deed of conveyance or mortgage of a homestead as now defined by law, regardless of whether a declaration thereof has been filed or not, shall be valid for any purpose whatever unless both the husband and wife execute and acknowledge the same as now provided by law for the conveyance of real estate; * * *."

■ It is clear from the provision that in as far as a "homestead as now defined by law" is concerned, the wife has equal rights not only in the community interest but, also, in that of the sale or incumbrance thereof.

In Breneman v. Corrigan, 4 F.2d 225, 226, the Circuit Court of Appeals of this Circuit said: "At its present term the Supreme Court of the United States distinctly adjudged that no provision of the Bankruptcy Law (Comp.St. §§ 9585–9656 [11 U.S.C.A. §§ 1–112]) interferes with a state statute regarding homesteads. White v. Stump [266 U.S. 310], 45 S.Ct. 103, 69 L.Ed. [301]. The very purpose of homestead laws is to secure a home and protection for husband, wife, and children against adverse fortune and should always be liberally construed."

In White v. Stump case, supra, the Supreme Court in its opinion further stated: " * * * that the trustee shall be vested by operation of law with the title of the bankrupt to all property, in so far as it is not exempt, which 'prior to the filing of the petition' he could by any means have transferred or which might have levied upon and sold under judicial process (sec. 70, sub. a, [11 U.S.C.A. § 110, sub. a]); * * *.

"These and other provisions of the Bankruptcy Law show that the point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed. * * * When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed. The provisions before cited show—some expressly and others impliedly—that one common point of time is intended and that it is the date of the filing of the petition. The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to 'property which is exempt.' Section 70 [sub.] a. The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process."

Section 3315 of Nevada Compiled Laws, section 1 of an Act entitled: "An Act to exempt the homestead, and other property, from forced sale in certain cases," approved March 6, 1865, p. 225, as amended, Stats. 1879, p. 140, reads: "The homestead, consisting of a quantity of land, together with the dwelling-house thereon and its appurtenances, not exceeding in value five thousand dollars, to be selected by the husband and wife, or either of them, * * * shall not be subject to forced sale on execution, or any final process from any court, for any debt or liability contracted or incurred * * *, except process to enforce the payment of the purchase money for such premises, or for improvements made thereon, or for legal taxes imposed thereon, or for the payment of any mortgage thereon, executed and given by both husband and wife, when that relation exists. Said selection shall be made by either the husband or wife or both of them, * * * declaring their intention in writing to claim the same as a homestead. * * * Which declaration shall be signed by the party or parties making the same, and acknowledged and recorded as conveyances affecting real estate are required to be acknowledged and recorded; and from and after the filing for record of said declaration, the husband and wife shall be deemed to hold said homestead as joint tenants; * * *."

■ The law appears to be well settled by the state courts of Nevada that the filing of a declaration of homestead at any time before a sale under execution is a filing in time to protect homestead rights and exemptions. Hawthorne and Wife v. Smith, 3 Nev. 182, 93 Am.Dec. 397; Lachman v. Walker, 15 Nev. 422, 425; First Nat. Bank of Ely v. Meyers, 39 Nev. 235, 150 P. 308; Id., 40 Nev. 284, 161 P. 929;

Nevada Bank of San Francisco v. Tread-way and Wife, C.C., 17 F. 887.

It is the conclusion of the court that the statutes of Nevada respecting homestead exemption bring this case within the rule applied by the Circuit Court of Appeals of the Fifth Circuit in Clark v. Nirenbaum, 8 F.2d 451, and that the law of this state applied to the controlling facts of this case distinguishes the same from the facts and the law applicable thereto in case of Georgouses v. Gillen, supra.

The order of the referee denying the petition of Verna May Matley respecting homestead exemption is reversed.