**BARUTHA et al. v. PRENTICE.**

No. 10302.

United States Court of Appeals
Seventh Circuit.

May 16, 1951.

Rehearing Denied June 11, 1951.

Herbert Levine, Sydney M. Eisenberg, Milwaukee, Wis., for appellant.

Robert D. Jones, Patrick T. Sheedy, Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a decree of the District Court holding that a contract motor carrier license, by which the Public Service Commission of Wisconsin authorized Roman Barutha, d/b/a R. B. Trucking Company, to engage in transportation of property by motor vehicle as a contract motor carrier with specified and limited authority of operation and service, constituted an asset of the bankrupt estate and should be sold by the Trustee in Bankruptcy subject to the approval of the Public Service Commission of Wisconsin and to the confirmation of the court. Counsel for the bankrupt contends that the license was not "property" within the meaning of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and that even if it were such "property" it was "exempt under the provisions of the Bankruptcy Act and under the Statutes of the State of Wisconsin."

The Bankruptcy Act provides no exemption except such as are granted by State laws but expressly states, 11 U.S.C.A. § 24, that the provisions thereof shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws which are in force at the time of the filing of the petition in the State wherein the bankrupt has had his domicile for the six months immediately preceding the filing of the petition. The Wisconsin exemption statute, § 272.18, Wis.Stats., specifically names the various types of property which shall be exempt from execution but does not include franchises, licenses or permits. We agree with the contention of the appellant that such statutes should be liberally construed. However, such liberal construction neither requires nor permits us to read into the Wisconsin exemption statute a type of property entirely different from any mentioned by the Wisconsin Legislature.

A more serious question is presented by the contention of the appellant that the contract motor carrier license did not constitute "property" which passed to the Trustee

upon the adjudication that the appellant was a bankrupt. The appellant bases this contention upon § 194.25 of the Wisconsin Statutes, the first paragraph of which section provides that: "(1) No certificate or license issued in accordance with provisions of this chapter shall be construed to be irrevocable, or to confer any property right upon the holder thereof."

The second paragraph of this section, however, provides that: "(2) No right, privilege, certificate or license under the provisions of this chapter shall be sold, assigned, leased, transferred or mortgaged either by voluntary or involuntary action, except after a finding by the commission that the same is not against the public interest."

This section is a part of the Motor Vehicle Transportation Act of Wisconsin which declared, § 194.02, that the purpose and policy of the Legislature was to confer upon the Motor Vehicle Department and the Public Service Commission the power, authority and duty to supervise and regulate the transportation of persons and property by motor vehicles upon or over the public highways of the State so as to protect the safety and welfare of a traveling and shipping public in their use of the highways.

The obvious purpose of the Legislature in § 194.25 was to prevent the holder of such a license from raising a constitutional question as to his property rights in the license in the event it became necessary in the proper administration of the Act for the Commission to revoke the license or to refuse to approve a transfer thereof.

The debtor, appellant herein, failed to list the contract motor carrier license in his schedule of assets and liabilities, insisting that the license did not pass to the Trustee. On the other hand, counsel for the Trustee contends that the license constitutes a valuable asset of the debtor, transferable with the approval of the Public Service Commission and that the license therefore passed to the Trustee.

Many of the decisions cited by the appellant in support of his position involved contracts for personal services and are therefore not applicable to this case.

While the authorities are not uniform in their holdings, we believe the better reasoned authorities support the position of counsel for the Trustee. A recent case decided by this court, In re Rainbo Express, 7 Cir., 179 F.2d 1, 5, held that a certificate of public convenience and necessity issued by the Interstate Commerce Commission was "endowed with a proprietary interest capable of transfer." There, the certificate had been assigned by a chattel mortgage as security for a loan to the bankrupt. The question was whether the mortgagee obtained a lien upon the "operating rights" of the certificate holder as against the Trustee in Bankruptcy.

The Interstate Commerce Act, 49 U.S.C.A. § 312(b) provides that, "any certificate * * * may be transferred, pursuant to such rules and regulations as the Commission may prescribe." Under this authority the Commission provided by Rule 1(d) that no attempted transfer of any operating rights should be effective without compliance with the rules and regulations and the *prior approval of the Commission*. The Trustee there insisted that such a certificate was not personal property which could be effectively mortgaged "since it is a mere license or permit, personal in nature and transferable only pursuant to such rules and regulations"; and that "prior to approval by the Commission there is no proprietary interest in the certificate holder to which a lien may attach."

After carefully reviewing and considering the conflicting decisions on the subject, this court said, 179 F.2d at page 5: "Upon reason and authority we think it clear that such a certificate is endowed with a proprietary interest capable of transfer. Like the Board of Trade memberships it passed to the Trustee in Bankruptcy because it was transferable property, and being transferable property we are not able to discern any logical basis why it could not properly become the subject matter of a valid chattel mortgage."

The appellant here stresses the particular language of the Wisconsin statute which

says, § 194.25(1), that such a license shall not be construed "to confer any property right upon the holder thereof." Paragraph (2) of the section, however, clearly indicates that the operating rights under such a license could be transferred in any case where the Commission found that such a transfer was not against the public interest.

Having found the giving of such service to be in the public interest when the license was originally issued, the Commission, on the application for approval of the transfer of the license, would only be interested in determining whether the transferee was in such a position as to equipment, financial responsibility and experience as to continue to give satisfactorily the service authorized by the license. Hence, as to a transfer of a license, it is only required by § 194.25(2) that the Commission find that such transfer "is not against the public interest."

This Section also expressly recognizes that such a transfer of the license may be "either by voluntary or involuntary action". A transfer by involuntary action would undoubtedly include a transfer by operation of law, such as the vesting of the title to the license in the Trustee on the bankruptcy of the licensee.

A consideration of this Wisconsin Act as a whole convinces us that the Wisconsin Legislature intended and considered the holder of a contract motor carrier license to have a transferable proprietary interest in the operating rights granted by such a license, even though such transfer could be made only with the approval of the Public Service Commission.

The record indicates that the operating rights under this license were of considerable value. Whether such operating rights be called "property" or an "asset", or something else, we see no valid reason why such operating rights should not be considered and treated as a part of the bankrupt estate and be sold by the Trustee, subject to the approval of the Public Service Commission, for the benefit of the creditors.

The judgment of the District Court is therefore affirmed.