451 F.2d 988
 Kenneth G. WUDRICK, Bankrupt, Appellant,
v.
Richard R. CLEMENTS, Trustee, Appellee.
In the Matter of James E. ROON and Vivienne O. Roon,
Bankrupts. Carlyle MICHELMAN, Trustee, Appellant,
v.
James E. ROON and Vivienne O. Roon, Appellees.
 Nos. 25449, 25537.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 26, 1971.
 
 Lawrence Diamant (argued), Herbert Wolas, Robinson, Wolas & Hagen, Los Angeles, Cal., for Carlyle Michelman and Richard R. Clements.
 David Gill (argued), of Danning & Gill, Sherman Oaks, Cal., for James E. and Vivienne O. Roon.
 Andrew F. Leoni (argued), of Slate & Leoni, Los Angeles, Cal., for Kenneth G. Wudrick.
 Before BARNES, BROWNING and TRASK, Circuit Judges.
 PER CURIAM:
 
 
 1
 When bankruptcy appeared inevitable, Mr. and Mrs. Roon consulted experienced bankruptcy counsel. One of the things they did on his advice to enhance their exemptions was to refinance their 1966 Chevrolet. The bank loaned them $2,325 on the car. From this amount they paid off the previous car loan and their attorney's fees, and deposited $800 in the Union Federal Savings & Loan Association. They then filed petitions in bankruptcy. They claimed that the $800 account was exempt from execution under California Code of Civil Procedure Sec. 690.21 and was therefore exempt under section 6 of the Bankruptcy Act, 11 U.S.C. Sec. 24, though the automobile would not have been. The exemption was allowed by the Referee and upheld by the district court, 305 F.Supp. 1123.
 
 
 2
 Wudrick's case is very similar: On the advice of bankruptcy counsel and in order to maximize his exemptions, he obtained a $2,197 loan from a finance company on two previously unencumbered vehicles about three weeks before filing his petition in bankruptcy. He put $1,300 in shares of the St. Joseph's Children Employees' Federal Credit Union, exempt from execution under California Financial Code Sec. 15406.1. His subsequent claim of exemption in bankruptcy was denied by the Referee, who found the transfer fraudulent. The district court upheld this determination.
 
 1. Michelman v. Roon
 
 3
 It has long been the rule in this and other jurisdictions that the purposeful conversion of nonexempt assets to exempt assets on the eve of bankruptcy is not fraudulent per se. In re Dudley, 72 F.Supp. 942, 945-947 (D.Cal.1947), aff'd per curiam, Goggin v. Dudley, 166 F.2d 1023 (9th Cir.1948); Love v. Menick, 341 F.2d 680, 682-683 (9th Cir. 1965); see 1 Collier on Bankruptcy, p 6.11, p. 853.
 
 
 4
 The Trustee argues that conversion of nonexempt assets to exempt assets on the eve of bankruptcy by creation of a secured debt and deposit of the proceeds in an exempt account is fraudulent as a matter of law and therefore a claim of exemption based on such a transfer is invalid. 1 Collier, supra, p 6.11, p. 842.
 
 
 5
 We hold, however, that there is no significant distinction between the previously approved practice of conversion by sale and conversion by pledge as in the present case. The creditor in a secured loan, like a purchaser, relies on the value of the property encumbered or transferred, and not the debtor's other assets. Thus he is not prejudiced. General creditors of the debtor may be, but no more so than when nonexempt property is sold outright and the proceeds converted into exempt property. Since no more is shown in either case than the intentional conversion of nonexempt property to exempt property, Love v. Menick, supra, controls.
 
 
 6
 A different case would be presented if on the eve of bankruptcy a debt were created with no intention of repaying the creditor, either by purchasing goods on credit or borrowing money without security. See Love v. Menick, supra, at 682-683 of 341 F.2d.
 
 2. Wudrick v. Clements
 
 7
 The underlying question is the same as in Roon. The finding of fraud was based solely on the fact that nonexempt assets were deliberately converted to exempt assets just prior to filing the bankruptcy petition. Since we see no difference between a conversion of assets into exempt form by sale or by pledge, the evidence was insufficient as a matter of law to establish fraud.
 
 
 8
 The Trustee also argues that Wudrick failed to carry his burden of proving entitlement to the exemption under California Financial Code Sec. 15406 because he did not establish that the institution in which the funds were deposited was a "credit union" or, if it was, that Wudrick was one of its "members," within the meaning of the section.*
 
 
 9
 It is not disputed that Wudrick held shares or certificates of deposit in the amount claimed in the "St. Joseph's Children Employees' Federal Credit Union." This was enough to establish a prima facie case since California statutes limit the issuance of credit union shares to qualified members (Cal.Fin. Code Sec. 14800(b)), and prohibit use of the words "credit" and "union" in the name or title of any but an authorized credit union. Cal.Fin. Code Sec. 14003.
 
 
 10
 The judgment is affirmed in Roon, No. 25,537, and reversed in Wudrick, No. 25,449.
 
 
 
 *
 "Sec. 15406. Exception from execution
 The shares and certificates for funds received of members of any credit union and all the accumulation on such shares and certificates are exempt from sale on execution and proceedings supplementary thereto, to the amount of one thousand five hundred dollars ($1,500)."