WILLIAM MIRIN, Appellant, v. THE CLARK COUNTY TAXICAB AUTHORITY and VEGAS–WESTERN CAB, INC., a Nevada Corporation, Respondents.

No. 7095

January 23, 1974                    518 P.2d 597

*Kermit L. Waters* and *Oscar Goodman,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, and *Gary Logan,* Chief Deputy Attorney General, Carson City, for Respondent Clark County Taxicab Authority.

*Galane, Tingey & Shearing,* of Las Vegas, for Respondent Vegas-Western Cab, Inc.

## OPINION

By the Court, MOWBRAY, J.:

William Mirin, Appellant, was the holder of Certificate of Public Convenience and Necessity CPC A 883 Sub 3, issued by the Public Service Commission of Nevada (PSC), effective December 26, 1967, authorizing the operation of a taxicab business. The United States Internal Revenue Service (IRS) levied on this certificate for Mirin's failure to pay federal withholding taxes. Notice of seizure was served on the PSC on April 22, 1969. A public sale was then had, and the certificate

was sold to Respondent Vegas-Western Cab, Inc., for approximately $21,000, subject to approval by Respondent Clark County Taxicab Authority (the Authority).[1]

An application was filed with the Authority by the IRS, requesting the transfer of the certificate that had been seized from Mirin. A public hearing, attended by both Mirin and his attorney, was held on February 26, 1970, and on March 27, 1970, the Authority entered its order transferring the certificate.

Mirin filed suit in the district court against the Authority and, by amended complaint, against Vegas-Western Cab, Inc., and the IRS, seeking a review of the Authority's action and an injunction against interference with his operation. On June 28, 1972, Vegas-Western filed a motion for summary judgment. The motion was granted on August 17, 1972, after a full hearing; it is from this order that Mirin appeals.

Mirin contends that his certificate of public convenience and necessity was not subject to seizure by the IRS because it was not "property" or a "right to property" as defined in the Internal Revenue Code. The Internal Revenue Code, 26 U.S.C. § 6321, states:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The determination of "property" or "rights to property" within the meaning of the statute is a matter of state law. Aquilino v. United States, 363 U.S. 509 (1960); Kirby v. United States, 329 F.2d 735, 736 (10th Cir. 1964); United States v. Bess, 357 U.S. 51, 55 (1958); Morgan v. Commissioner, 309 U.S. 78 (1939); John Hancock Mut. Life Ins. Co. v. Hetzel, 341 P.2d 1002, 1009 (Kan. 1959); United States v. Ryan, 124 F.Supp. 1 (D.Minn. 1954).

Most jurisdictions have early recognized that a certificate of public convenience and necessity is "property" or "rights to property" within the meaning of the statute. Barutha v. Prentice, 189 F.2d 29 (7th Cir. 1951), *cert. denied,* 342 U.S. 841 (1951); Richardson v. National Acceptance Co., 179 F.2d 1 (7th Cir. 1950), *cert. denied,* 339 U.S. 981 (1950).

Mirin's certificate of public convenience and necessity was

---

[1]Administrative jurisdiction over the subject matter of the application was vested in the Clark County Taxicab Authority pursuant to NRS 706.881 to 706.885, especially NRS 706.8819(3).

issued by the PSC at a time when the "Rules and Regulations Governing Service and Safety of Operations of Motor Carriers within the State of Nevada", adopted by General Order No. 5, effective December 1, 1962, were in effect. Rule 223 indicated: "No grant of authority for either common or contract carriage hereafter granted shall carry with it the implication or intent of investing the holder thereof with any property right."

Appellant urges that this provision is controlling in support of the proposition that no property right that could be the subject of levy exists in the certificate of public convenience and necessity. We believe the better view is that this provision is available to the PSC in the event that it becomes necessary, in the proper administration of its authority, to revoke a certificate or refuse to approve the transfer thereof, and the holder raises a constitutional question as to his property rights in his certificate. Barutha v. Prentice, *supra;* NRS 706.660(1).

Rule 222(1), adopted by PSC General Order No. 5, states:

"No transfer of any operating right shall be effective except upon full compliance with these rules and regulations and until after the Public Service Commission has approved such transfer as herein provided. The mere execution of a chattel mortgage, deed of trust, or other similar document, does not constitute a transfer within the meaning of these rules. A proposed transfer of operating rights by means of the foreclosure of a mortgage or deed of trust or other lien upon such rights, or by an execution of satisfaction of any judgment or claim against the holder thereof, shall not be effective without compliance with these rules and regulations and the prior approval of the Commission."

The purpose of this section is to confer upon the PSC the power and authority to regulate operating rights evidenced by a certificate of public convenience and necessity. The rule impliedly recognizes that a transfer of these rights may occur by involuntary action and thus there must be a proprietary interest capable of being transferred and subject to levy. Barutha v. Prentice, *supra;* McCray v. Chrucky, 173 A.2d 39 (N.J. 1961). One of the most recent cases on this issue is Fidler v. United States, 72–2 U.S. Tax Cas. ¶9506 at 85, 108–85, 112 (N.D.N.Y. 1972). The court stated at 85, 111–85, 112:

"To hold that either the Public Service Commission or Interstate Commerce Commission certificates are not property to

which the government's tax lien attaches is to fly in the face of reality. Experience with bankruptcy of common carriers demonstrates that often the most valuable assets disposed of by the trustee are the operating rights evidenced by the Public Service Commission and Interstate Commerce Commission certificates. It is difficult to conceive of them as not being property or rights to property in the broad sense of 26 U.S.C. § 6331 when they may be mortgaged, transferred, leased, and must be condemned with the payment of just compensation by the government." (Footnotes omitted.)

Therefore, we conclude that Mirin's certificate of public convenience and necessity was subject to levy and transfer by operation of law. The order of the district court granting summary judgment in favor of Vegas-Western Cab, Inc., and against Appellant William Mirin is affirmed.

THOMPSON, C. J., and BATJER and ZENOFF, JJ., and FORMAN, D. J., concur.