**Richard Ellis MOTT, Appellant,**

**v.**

**John G. GROVES, Trustee, Appellee.**

**No. 23633.**

United States Court of Appeals, Ninth Circuit.

June 24, 1970.

W. A. McGugin (argued), Fresno, Cal., for appellant.

J. Roderick Jarrett (argued), of Jarrett & Enmark, Fresno, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and WILLIAMS, District Judge.*

PER CURIAM:

This is an appeal from a district court judgment affirming an order of a referee in bankruptcy. That order disallowed the claim of the bankrupt, Richard E. Mott, to an exemption of homesteaded property and to an exemption of a one thousand dollar deposit in a savings and loan association.

In the administration of bankrupt estates, homestead exemptions are governed by state law. Section 6 of the Bankruptcy Act (Act), 11 U.S.C. § 24. Under the laws of California, where this case arose, "[T]he homestead consists of the dwelling house in which the claimant resides, together with outbuildings, and the land on which the same are situated, selected * * * " in the manner prescribed by law. Cal.Civ.Code, § 1237 (West 1957). In order to establish a homestead, there must be an element of good faith and a present intention to

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

make the premises the residence, the home, and the abiding place of the declarant. Lakas v. Archambault, 38 Cal. App. 365, 176 P. 180 (1918).

The referee gave several reasons for disallowing the bankrupt's claim of an exemption of the homesteaded property. One of these is that the bankrupt, a California resident, did not, on the date of recordation of the homestead, possess the requisite intent to establish his residence on the homesteaded property.

The bankrupt challenges this finding of fact, citing substantial evidence tending to show that on the day in question he resided on the premises and then had the intent to make it his home.

■ The evidence was in dispute on this question of fact and there was substantial evidence on both sides. After an examination of the record we are not left with the firm belief that the referee made a mistake in finding lack of intent. Accordingly, we uphold this finding and the resulting disallowance of the claimed homestead exemption.

The referee rejected, on two grounds, the bankrupt's claim to an exemption of the one thousand dollars he deposited in a savings and loan association. One ground was that the bankrupt obtained the one thousand dollars in violation of a court order, entered in supplemental proceedings in an independent federal suit, and therefore held this sum as constructive trustee for the benefit of his creditors, represented by the trustee herein.

In connection with the foreclosure of the bankrupt's purchase money note and deed of trust given in an Arizona real estate transaction, Mr. and Mrs. Richard Ensign obtained a deficiency judgment against Mott in the amount of ten thousand dollars. The Ensigns then filed an action (No. 42,710) in the United States District Court, Northern District of California, and obtained a judgment against Mott in the amount of $10,771.-81, based upon the Arizona judgment.

On August 24, 1967, the Ensigns caused Mott to appear at a supplemental hearing in action No. 42,710. At this hearing the judge orally announced in open court that Mott was ordered not to dispose of any of his property before further hearing in those proceedings. A minute order to that effect was filed. Mott admitted that such an oral order was made while he was in the courtroom.

Early in September, in violation of this oral order, Mott sold his Ford Mustang for $2,200. On September 5, 1967, he deposited one thousand dollars of the proceeds in a savings and loan association. This sale was the allegedly wrongful act relied upon by the referee.

The bankrupt contends that because the only record of the district court's order was the minute order referred to above, this order was not binding upon him. In support of this view he cites certain local federal district court rules, and Federal Rules of Civil Procedure, requiring the preparation of a written order and written findings of fact, where the vehicle of relief is the granting of an injunction.[1] The trustee argues, however, that the order entered in the supplemental proceedings was filed pursuant to Fed.R.Civ.P. 69 and is not subject to the rules relied upon by Mott.

■ We need not decide this question. In our opinion, the oral order, supported by a minute entry, of which order Mott admitted he had notice, is not subject to collateral attack in this bankruptcy proceeding. Perhaps in a contempt or other enforcement proceeding instituted in action No. 42,710, Mott's attack upon the oral nature of the order would be a good defense. But we think he may not have it decreed non-enforceable in this separate bankruptcy proceeding.

■ We therefore uphold the referee's conclusion, concurred in by the district court, that Mott wrongfully obtained the one thousand dollars, to the prejudice of his creditors, and that he held it as constructive trustee for the

---

1. *See*, California Continuing Education, Federal Civil Practice 687, 689 (1961); Fed.R.Civ.P. 52 and 65.

trustee of the bankrupt estate. It follows that he was without power to claim the deposit thereof as an exemption unavailable to his creditors. We do not decide whether the referee's second ground for rejecting this exemption claim is sustainable.

Affirmed.