In re Gary Andrew JOHNSON, Debtor.

The FIRST NATIONAL BANK OF BERESFORD, Plaintiff,

v.

Gary Andrew JOHNSON, Defendant.

Bankruptcy No. BK79–40164.

United States Bankruptcy Court,
D. South Dakota.

Feb. 4, 1981.

Vance R. Goldammer and Terry N. Prendergast, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, S. D., for plaintiff.

J. Bruce Blake, Sioux Falls, S. D., for defendant.

PEDER K. ECKER, Bankruptcy Judge.

On June 29, 1979, Gary Andrew Johnson, Debtor, filed a Chapter XIII bankruptcy petition. On March 20, 1980, the First National Bank of Beresford, Plaintiff, filed a Complaint objecting to Debtor's claim of exemptions. The Court held a hearing at which time Counsel stipulated to submission of this case to the Bankruptcy Court based on the facts alleged in Plaintiff's Complaint and briefs to be supplied by the parties. Based on the briefs and the pleadings, this Court makes the following Findings of Fact and Conclusions of Law.

## FACTS

This case is governed by the Bankruptcy Act of 1898 since it was filed prior to October 1, 1979. 11 U.S.C. Section 24 of the old Bankruptcy Act provided in part that: "This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by State laws in force at the time of filing the petition in the state where they have had their domicile for the six months immediately preceding the filing of the petition . . .".

Debtor claimed as exempt under SDCL 58–12–4 a $31,460.00 face value policy with Security Mutual Life Insurance Company, Policy No. 327124, Debtor's wife, Ann Marie Johnson, beneficiary, with a cash value of $12,118.00; a $10,000.00 face value policy with Equitable of New York, Debtor's wife beneficiary, with a cash value of $100.00; and a $150,000.00 term policy with Equitable of New York, Debtor's wife beneficiary, with no cash value.

Plaintiff filed an objection to the above claim of exemptions by Debtor. Plaintiff

alleged that SDCL 58–12–4 is inapplicable in that SDCL 43–45–6 is the statute that is controlling. SDCL 43–45–6 provides an exemption to the surviving spouse or children of $10,000.00. Here, the value of the cash policies exceeds $10,000.00.

Immediately prior to filing bankruptcy, Debtor sold an interest in real estate and used the unsecured proceeds to purchase the $31,460.00 face value policy with Security Mutual Life Insurance Company. Plaintiff alleges that such action by Debtor constituted fraud on the creditors.

## ISSUES

The issues presented to the Court by Counsel are: (1) What is the definition of proceeds as used in the life insurance statutes; (2) Whether SDCL 43–45–6 or SDCL 58–12–4 is the applicable life insurance exemption statute; and (3) Whether Debtor committed fraud on Creditor when he converted nonexempt assets into exempt assets on the eve of filing his bankruptcy petition.

### (1) *Definition of Proceeds*

■ Proceeds, as the term is used in exemption statutes, means the surrender value of the policy under which benefits are yet to be paid, and not the amount for which the policy was originally written. *Magnuson v. Wagner*, 1 F.2d 99 (8 Cir., 1924).

### (2) *Applicable Exemption Statute*

■ The next issue presented on appeal is whether SDCL 58–12–4 or SDCL 43–45–6 is the applicable life insurance statute under which a bankrupt or debtor may claim his life insurance exemptions.

SDCL 43–45–6 provides in part:

"The proceeds of any insurance upon the life of any person residing in this state, at the time of his death and who leaves a surviving widow, husband, or minor child or children, payable upon his death to his estate, executor, or administrator, and not assigned to any other person, shall, to any amount not exceeding $10,000.00, inure to the use of such surviving widow, husband, minor child or children; and such amount shall not be subject to the payment of any debt of such decedent, or of such surviving widow, husband, minor child or children...."

SDCL 58–12–4 provides in part:

"The proceeds of a policy of life or health insurance to the total amount of $20,-000.00 only, the absence of any agreement or assignment to the contrary, shall inure to the separate use of the insured, his surviving spouse or children, as the case may be, independently of the creditors or any of them, and shall not be subject to the payment of the debts of any one or all of such persons, notwithstanding that the proceeds may be payable directly to the insured or surviving spouse or children as the named beneficiary or beneficiaries or otherwise...."

This Bankruptcy Court rejects Plaintiff's contention that the statutes are contradictory as to the amount allowed for insurance exemptions. SDCL 43–45–6 clearly concerns itself with the situation where the bankrupt is dead and the money is paid into his estate. In that situation, the surviving widow, husband, or minor child or children are then entitled to claim $10,000.00 exempt. SDCL 43–45–6 provides a benefit to the survivors of the bankrupt and not to the bankrupt.

Debtor would not be entitled to claim an exemption under SDCL 43–45–6 since he is presently living and the proceeds on the life insurance policy have not been paid into his estate. Debtor must claim under SDCL 58–12–4 or not at all.

SDCL 58–12–4 concerns itself with the situation where the bankrupt is still living and has named himself as the beneficiary or where the policy purchased by a dead bankrupt named as the beneficiary his surviving wife or children. Plaintiff contended that a reading of SDCL 58–12–4 supports the argument that a life insurance policy must inure only to the separate use of the surviving spouse or children and not to the bankrupt's use. SDCL 58–12–4's predecessor merely stated that, "The proceeds of a policy of a life insurance ... shall inure to the separate use of the surviving spouse or children". In its brief, Plaintiff argued that,

"When the South Dakota legislature changed its exemption statute to include health insurance, it added "the insured" to the list of beneficiaries. It is obvious that "the insured" refers only to the health insurance proceeds exemption while "the surviving spouse or children" proceeds exemption refers to life insurance only."

This Bankruptcy Court agrees with Plaintiff that under the life insurance policies Debtor is the beneficiary and the proceeds of the policies do inure to his benefit. However, this Bankruptcy Court rejects Plaintiff's argument that SDCL 58–12–4 provides that the life insurance policy must inure only to the use of the surviving spouse and children and not to the use of the bankrupt.

Plaintiff's speculation as to what the legislature intended by changing the wording of the statute is immaterial. This Court must apply the state statute according to its clear meaning. If, as Plaintiff suggests, the true intention of the legislature was to achieve the purpose it has outlined, then this Court would suggest Plaintiff call to the attention of the legislature the problem in the drafting of this statute. If any problem really exists, the legislature must correct it, the Bankruptcy Court will not do so by judicial interpretation, especially where this Court believes that the statute is worded exactly as the South Dakota legislature intended it.

Debtor correctly claimed his exemptions under SDCL 58–12–4.

### (3) *Conversion of Nonexempt Assets into Exempt Assets*

■ The final issue presented to the Court is whether Debtor committed fraud when he converted nonexempt assets into exempt property on the eve of filing his bankruptcy petition.

Debtor, on the eve of bankruptcy and on the advice of counsel, sold an interest in real estate and used the unsecured proceeds to purchase the Security Mutual life insurance policy with the face value of $31,460.00. Plaintiff argued that Debtor committed fraud on the creditors by such action and thus should be denied his claim of exemptions.

Legislative history to the new Bankruptcy Code illustrates that Congress intended to allow bankrupts to convert nonexempt assets into exempt assets on the eve of bankruptcy. Congress, commenting on this practice, stated:

"As under current law, the debtor will be permitted to convert nonexempt property into exempt property before filing a bankruptcy petition. See Hearings, pt. 3, at 1355–58. The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law." (H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 361; S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) 76, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6317.)

In *Forsberg v. Security State Bank of Canova*, 15 F.2d 499 (1926), the Court of Appeals of the Eighth Circuit stated the general rule as:

"It is well settled that it is not a fraudulent act by an individual who knows he is insolvent to convert a part of his property, which is not exempt into property which is exempt, for the purpose of claiming his exemptions therein, and of thereby placing it out of the reach of his creditors."

The Court of Appeals in the Eighth Circuit concluded that:

"The bankrupt testified that, when he found that he could not make settlement with his creditors, he determined that he would have to go through bankruptcy; that he knew that under the alternative exemption statute he could claim 2 horses, 2 cows, 5 hogs and his farm machinery, as exempt in bankruptcy; that he was advised that he would be entitled to claim sheep up to 25 as exempt also. With this knowledge and advice the bankrupt converted by transfer some of his cattle and hogs into sheep. This in itself does not constitute fraud. * * * We find in the record no evidence that the bankrupt was actuated by any fraud-

ulent purpose, unless such purpose should be implied from his intentional conversion of nonexempt assets into exempt assets. In our opinion no such implication exists. We think that, before the existence of such fraudulent purpose can be properly found, there must appear in evidence some facts or circumstances which are extrinsic to the mere facts of conversion of nonexempt assets into exempt and which are indicative of such fraudulent purpose."

This Bankruptcy Court, in its decision of *Wendell Harold Brandt*, BK75–4125, and *Marcia Lea Brandt*, BK75–4126, dated October 7, 1976, adopted the approach taken in *Forsberg* and held that conversion of nonexempt assets into exempt life insurance policies on the eve of bankruptcy did not constitute a fraud on creditors so as to deprive the bankrupt of his statutory life insurance exemption under SDCL 58–12–4. A review of the case law has done nothing to change this Court's mind that it should continue to follow the rationale of *Forsberg*.

This Court finds that the case of *Matter of Mehrer*, 2 B.R. 309 (Bkrtcy.E.D.Wash. 1980), relied upon by Plaintiff, is not controlling upon this Court. First, *Mehrer* is distinguishable since the Washington state statute specifically provided that the insurance exemptions would not apply where property was transferred with intent to defraud the creditors. Second, this Court rejects *Mehrer* to the extent that it is inconsistent with *Forsberg*.

■ The act of converting nonexempt assets into exempt assets does not, by itself, constitute fraud on the creditors. Extrinsic facts and circumstances must be in evidence to prove that the conversion of nonexempt assets into exempt assets was done with a fraudulent intent. An example of when fraud has occurred is illustrated by *In Re White*, 221 F.Supp. 64 (N.D.Cal.1963), where the Court found that a bankrupt, who acquired goods on credit in the operation of his business without intention to pay for the goods and then put the proceeds from the sale of the goods into exempt property, did

so with fraudulent intent. Further, in *Mott v. Groves*, 428 F.2d 1208 (9th Cir. 1970), the Court held that a bankrupt converted nonexempt property into exempt property fraudulently after the state court ordered bankrupt not to dispose of any of his assets pending a further hearing.

Here, Debtor admittedly sold his real estate and converted the unsecured proceeds into exempt property on the eve of bankruptcy. However, Plaintiff has presented the Court with no other evidence than that of the initial transfer by Debtor. As stated before, the general rule is that such a transfer, in and of itself, is not sufficient to show a fraudulent intent. Lacking any other evidence that demonstrates a fraudulent intent, this Bankruptcy Court holds that Debtor did not commit fraud when he converted nonexempt assets into exempt assets.

## CONCLUSION

Debtor is entitled under SDCL 58–12–4 to claim as exempt the three life insurance policies. Since the three policies combined do not have a cash surrender value of more than $20,000.00, Debtor is entitled to claim all three policies as exempt. Further, Debtor did not commit fraud when he sold his interest in real estate and used the unsecured proceeds to purchase the $31,460.00 face value policy with Security Mutual.

Debtor's Counsel shall submit a Judgment consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.