**In re Renee Lee REED, Debtor.**

**FIRST NATIONAL BANK & TRUST COMPANY, ROCKWOOD, TENNESSEE, Plaintiff,**

v.

**Renee Lee REED, Defendant.**

**Bankruptcy No. 3–81–00931.**
**Adv. No. 3–81–0864.**

United States Bankruptcy Court,
E. D. Tennessee.

Feb. 19, 1982.

Stephen A. Irving, Oak Ridge, Tenn., for defendant, Renee Lee Reed.

John H. Fowler, Fowler & Robertson, Knoxville, Tenn., for plaintiff, First Nat. Bank & Trust Co., Rockwood, Tennessee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CLIVE W. BARE, Bankruptcy Judge.

This cause came for trial on the 6th and 25th days of January, 1982, upon the complaint filed by the plaintiff, the answer of defendant, the stipulation of the parties, the testimony of witnesses and exhibits in support thereof and on the record as a whole.

■ The court concludes as a preliminary matter that the defense of *res judicata* raised by the defendant cannot be sustained.[1] The previous action upon which the defendant relies for this defense was an adversary proceeding initiated by the trustee against the defendant. The instant action involves a complaint initiated by a creditor against the defendant. 11 U.S.C. 727(c)(1) states that the trustee *or* a creditor may object to discharge under § 727(a). Since the prior suit involved a different party or more specifically, a different plaintiff, this defense is not available.

■ The complaint of the plaintiff seeks relief under 11 U.S.C. 727(a)(2), which states:

"The debtor, with intent to hinder, delay, or defraud a creditor ..., has transferred—

(A) Property of the debtor, within one year before the date of the filing of the petition; or ..."

Under this statute, four elements are required to be proven. The plaintiff must prove that:

1. A transfer of property has occurred;
2. It was property of the debtor;
3. The transfer was within one year of the date of filing of the petition;
4. The defendant had, at the time of the transfer, the intent to hinder, delay or defraud a creditor.

■ The stipulation of the parties herein has established that the defendant transferred a house owned solely by her on July 1, 1980, which was within one year of the filing of the original petition on June 10, 1981. Therefore, the first three elements are satisfied and it is only necessary to discuss whether the required intent has been proven.

The defendant testified that the house transferred on July 1, 1980, was originally purchased by her and her ex-husband for the sum of $15,000.00 and that she received sole title to the house in a divorce settlement in 1975. Mr. Glen McCuiston, real estate appraiser, testified that the property had a value of $13,500.00 on the date of transfer. The parties have stipulated that the appraised value of the house and lot for real estate tax purposes was $10,800.00. The court finds that the value of the house and lot was $13,500.00 on July 1, 1980.

Mr. Russell Simmons, president of plaintiff bank, testified that prior to the transfer on July 1, 1980, the bank had been engaged in efforts to collect a debt owed to the bank by the debtor in the sum of $4,529.94. In support of his testimony is a copy of a letter dated June 3, 1980, which he sent to the defendant. This letter recites that, if the account is not brought up to date within ten days of the date of the letter, the note would be referred to an attorney to institute litigation and to collect the judgment that might be entered. The bank received no further payments after this letter.

---

1. Defendant was requested to submit a brief on this point but failed to do so.

The defendant, on July 1, 1980, or within 30 days of the receipt of the above letter, transferred her entire interest in the house and lot to her sister. The deed on its face contains a sworn statement that the actual consideration received was $329.00 and is signed by the grantee. The defendant testified that no monies were received on this date. The defendant further testified that she transferred the property in return for satisfaction of pre-existing debts owed by her to her sister which she estimated to be approximately $2,000.00 plus an agreement to pay real estate taxes on the property. Therefore, real estate of a value of $13,500.00 was transferred for a maximum amount of $2,400.00.[2] The debtor, prior to the transfer, was solvent, but by the transfer, was rendered insolvent.

The intent required by § 727(a)(2) is actual fraudulent intent or actual intent to hinder or delay as opposed to constructive fraudulent intent. 1A Collier on Bankruptcy, ¶ 14.47, 14th Ed. 4 Collier on Bankruptcy, ¶ 727.02[3], 15th Ed. However, an inference of actual intent to hinder, delay or defraud may be drawn from the defendant's actions. *In re Rubin*, 12 B.R. 436 (Bkrtcy. New York, 1981). *In re Bone*, 7 B.R. 549 (Bkrtcy. Georgia, 1980). Also see *Rothschild v. Lincoln Rochester Trust Company*, 212 F.2d 584 (C.A. 2nd 1954). *In re Woods*, 71 F.2d 270 (C.A. 2nd, 1934).

The facts in this case indicate a transfer of property worth a value of $13,500.00 for a maximum consideration received assuming the debtor's testimony is taken at face value, of $2,400.00. Thus the undisputed evidence and testimony shows the defendant transferred property with equity over and above the amount of any conceivable consideration received of some $11,000.00 to a relative at a time when the plaintiff, a creditor, was seeking to collect its debt. The transfer rendered the debtor insolvent. The defendant's testimony that she did not transfer the property with intent to defraud is insufficient to overcome the remaining record as a whole.

**2.** The court actually believes that the transfer was for an antecedent debt of $329.00 as

The court concludes that these facts show actual intent by the debtor to hinder, delay and to defraud the plaintiff. *In re Richter*, 57 F.2d 159 (C.A. 2nd, 1932). *In re Gurney*, 71 F.2d 144 (C.A. 2nd, 1934). *In re Riddle*, 8 B.R. 797 (Bkrtcy. Florida, 1980). *In re Mizell*, 166 F.Supp. 224 (D.C.M.D.N.C., 1958). *In re Frumovitz*, 10 B.R. 61 (Bkrtcy. Florida, 1981).

All of the required elements of 11 U.S.C. 727(a)(2) having been proven by the plaintiff, the discharge of the debtor will be denied.

shown by the affidavit of Linnie C. Fayissa on the recorded deed, plus payment of taxes.