**In re Walter Calvin WHITE, Jr., Debtor.**

**C. Jeffers SCHMIDT, Jr., Trustee,
Plaintiff,**

**v.**

**Walter Calvin WHITE, Jr., and Jean
White, Defendants.**

**Bankruptcy No. 80–01962.
Adv. No. 82–0177–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

March 9, 1983.

C. Jeffers Schmidt, Jr., Richmond, Va., for plaintiff.

Harry M. Johnson, Jr., Richmond, Va., for defendants.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by C. Jeffers Schmidt, Jr., the trustee herein, of a complaint pursuant to 11 U.S.C. § 548 to set aside a fraudulent transfer of real property. After hearing the Court makes the following determination.

## STATEMENT OF THE FACTS

Walter Calvin White, Jr. (White), the debtor herein, and Jean White, the co-defendant herein, were married February 21, 1980. On February 26, 1980, White suffered the entry of a judgment against him obtained by Ralph Edward Davis in the amount of $50,000.00. When Davis executed on that judgment in April and June of 1980, White offered to make payments in settlement of the claim. In August, Davis issued a levy on White's personal property. At a time while insolvent, White conveyed by deed dated September 9, 1980 real property he owned to himself and Jean White, his wife, as tenants by the entireties with the right of survivorship as at common law. That deed was recorded November 11, 1980. In August, Davis had issued a levy on White's personal property and in November, 1980, Davis threatened to enforce the levy if White failed to commence making substantial payments on the judgment. White filed his petition in bankruptcy on December 9, 1980. White claimed the jointly owned real property exempt pursuant to 11 U.S.C. § 522(b)(2)(B). Although the real property is encumbered by several liens it has substantial equity for the benefit of the general unsecured creditors of the estate if the transfer can be avoided and the exemption denied.

## CONCLUSIONS OF LAW

■ This Court concludes the trustee is justified in bringing this action pursuant to 11 U.S.C. § 548(a) which provides

"[t]he trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . ."

The trustee contends that White, by conveying his real estate to his wife and himself to be held as tenants by the entireties and then by exempting that property pursuant to 11 U.S.C. § 522(b)(2)(B), defrauded and hindered his creditors. If White had not transferred the property it would have been available to the trustee to satisfy the claims of his creditors. If White had filed a homestead deed available to him under Virginia Exemption statutes, he could only have claimed exempt no more than

$5,000.00 of his equity in the property.[1] By creating a tenancy by the entirety White attempted to immunize the property from the claims of all his individual creditors and render the real property liable solely for the joint debts of both himself and his wife. *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599, 602 (1951). Furthermore, he exempted his interest in that property pursuant to 11 U.S.C. § 522(b)(2)(B), and thereby attempted to convert nonexempt property to exempt property.[2] Virginia law permits debtors to shield tenants by the entirety property from their individual creditors. *Id.*[3]

It is well settled that a debtor may convert nonexempt property into exempt property on the eve of bankruptcy thereby making "... full use of the exemptions to which he is entitled under the law." *In re Ford,* 3 B.R. 559, 577 (Bkrtcy.D.Md. 1980) *aff'd sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). Prior to the enactment of the 1978 Bankruptcy Code, courts agreed debtors could maximize their exemptions by converting nonexempt property into exempt property without defrauding their creditors. *See, In re Adlman,* 541 F.2d 999 (2nd Cir.1976); *Wudrick v. Clements,* 451 F.2d 988 (9th Cir.1971); *Forsberg v. Security State Bank of Canova,* 15 F.2d 499 (8th Cir.1926). A debtor who uses his nonexempt property which is free from the liens and the vested interests of his creditors to obtain a homestead

"... merely avails himself of a plain provision of the Constitution or the statute enacted for the benefit of himself and his family. He takes nothing from his creditors by this action in which they have any vested right.... Nor can the use of property that is not exempt from execution to procure a homestead be held to be a fraud upon the creditors of an insolvent debtor, because that which the law expressly sanctions and permits cannot be a legal fraud."

*Forsberg* at 501, quoting *First Nat. Bank of Humboldt, Neb. v. Glass,* 79 F. 706, (8th Cir.1897).

Courts have cited several rationales for justifying the conclusion that the conversion of nonexempt property to exempt property by an insolvent debtor is not fraudulent per se. First, they note that state law providing for such exemptions is absolute and without exception and in converting debtors simply exercise their rights under state law. *Crawford v. Sternberg,* 220 F. 73, 76 (8th Cir.1915). Second, courts conclude that creditors are presumed to have knowledge of exemption laws and thereby assume the risk that debtors may invest their assets in exempt property. *In re Wilson,* 123 F. 20, 22 (9th Cir.1903).

In enacting the 1978 Bankruptcy Reform Act, Congress acknowledged prior law which permitted debtors to convert nonexempt property into exempt property before filing a petition in bankruptcy and chose to make no change in that law.[4]

---

1. Virginia law permits those qualified to claim exempt property or money, the value of which does not exceed $5,000.00. *Va.Code Ann.* § 34–4 (1982 Cum.Supp.).

2. The property becomes immune from process as to all of the debtor's individual creditors, although no immunity exists as to joint creditors of the debtor and his spouse. *Vasilion* 66 S.E.2d at 602. Pursuant to 11 U.S.C. § 522(b)(2)(B) debtors may exempt "... tenants by the entirety property to the extent that the property is exempt from process under applicable nonbankruptcy law." *In re Martin,* 20 B.R. 374, 377 (Bkrtcy.E.D.Va.1982). See also, *Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981).

3. The Virginia Supreme Court in commenting on the use of tenants by the entireties statutes to immunize property from the claims of the individual creditors of a spouse stated

"[t]hus if the husband should be engaged in a speculative business enterprise which turns out badly, forcing him to go into bankruptcy, the property held by the husband and wife together, would not be subject to the claims of his creditors."
*Vasilion* 66 S.E.2d at 603. *See also, Oliver v. Givens,* 204 Va. 123, 129 S.E.2d 661 (1963) in which the Virginia Court held that a husband's gift to his wife of his interest derived from the sale of real estate held by the entireties was not fraudulent as to the husband's creditors.

4. The Legislative History which accompanies 11 U.S.C. § 522 indicates conversion of nonexempt assets to exempt assets is permissible. "The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law." H.R.No. 92–595, 95th Cong., 1st Sess.

Cases decided under the 1978 Code recognize the validity of these exemptions e.g., In re Johnson, 8 B.R. 650 (Bkrtcy.D.S.D.1981).

 Although courts agree that a debtor's conversion of his nonexempt property into exempt property on the eve of bankruptcy is not fraudulent per se, they conclude that extrinsic circumstances may indicate the commission of a fraud on a debtor's creditors. Johnson at 654. See generally, Resnick, "Prudent Planning or Fraudulent Transfer? The Use of Nonexempt Assets to Purchase or Improve Exempt Property on the Eve of Bankruptcy," 31 Rutgers L.Rev. 615 (1978). Courts will deny a debtor the exemption if he obtained the assets pursuant to a scheme to defraud his creditors. A debtor will not be permitted to exempt property which he acquired with funds obtained through fraud. See e.g., Stoner v. Walsh, 24 Cal.App.3d 938, 101 Cal.Rptr. 485 (1972). Courts under the Bankruptcy Code have held that the conversion of nonexempt property into exempt property is fraudulent where debtors withdraw funds out of their business accounts for the purposes of investing in exempt property. See e.g., In re Collins, 19 B.R. 874 (Bkrtcy.M.D.Fla.1982); In re Reed, 11 B.R. 683 (Bkrtcy.N.D.Tex.1981); In re Mehrer, 2 B.R. 309 (Bkrtcy.E.D.Wash. 1980).[5]

Several courts have concluded that motive is an important factor in determining whether the conversion of the assets defrauded creditors. If the debtor effectuated the conversion with the motive to deprive creditors of assets, he committed fraud and the court denied him the exemption. See, In re Majors, 241 F. 538 (D.Or., 1917).

"In theory, it is logical to distinguish between situations that involve an intent to deprive creditors of assets and situations in which the debtor's purpose is actually to acquire the exempt property.

Bankruptcy legislation and state exemption laws were not designed to protect the debtor who acts in bad faith to deprive his creditors of assets. The debtor who obtains exempt property because he has a good faith desire to own such property is not acting with fraudulent intent and, therefore, should be permitted to keep the property free of creditors' claims." (footnote omitted.)

Resnick at 638.

 In the instant case this Court concludes that White failed to convert his nonexempt property into exempt property. First, it is clear that this is a two party transfer in which the debtor attempted to transform his nonexempt property into exempt property by transferring an interest in that property to another person. The rule which permits conversion to nonexempt property is clearly inapplicable here. Cf. Butz v. Wheeler, 17 B.R. 85, 89 (Bkrtcy.S.D.Ohio 1981). Debtors may not shield their assets by transferring them to family members or other persons. In the instant case, White attempted to exempt his property by conveying part interest to his wife instead of retaining an entire interest in the property and converting it into exempt property. Second, it is clear that White sought to immunize this property from the claims of his chief judgment creditor. In November, 1980, Davis threatened to enforce a levy which had been issued on White's personal property if White failed to begin making substantial payments on the February, 1980, judgment. Shortly thereafter, White recorded the transfer of the property to himself and his wife as tenants by the entirety and filed his petition in bankruptcy.

It is clear that White was insolvent at the time he transferred his interest in the real estate to himself and his wife for which he received nothing of legal value in payment.[6] These facts alone are sufficient for this

360–1, 1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6317.

**5.** The Courts in both In re Mehrer and In re Reed relied on state statutes which barred the conversions.

**6.** Jean White, the debtor's wife, admitted at trial that at the time of the transfer, her husband had inadequate assets to satisfy his debts.

Court to determine the transfer constituted a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(2)(B)(i). *See, Butz* at 88.

The trustee is directed to prepare and present to this Court within ten days an endorsed order in conformity with this opinion.