In re H. Wayne FORD, Debtor.

H. Wayne FORD, Appellant,

v.

C. Barney POSTON, Appellee.

Civ. A. No. 84–0039–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

July 20, 1984.

John M. Lamie, Abingdon, Va., for plaintiff.

Isaac St. C. Freeman, Marion, Va., Robert E. Wick, Bristol, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The debtor, H. Wayne Ford, has appealed an Order of the United States Bankruptcy Court for the Western District of Virginia denying his discharge for fraudulently transferring a piece of real estate from himself to himself and his wife as tenants by the entireties with the right of survivorship as at common law. 11 U.S.C.

§ 727(a)(2)(A) (Supp. V 1981). Three issues are presented to this court: (1) whether the deed conveying the realty to the couple as tenants by the entireties was a transfer of property within one year of the commencement of the case; (2) whether a claimed exemption can be subject to a fraudulent transfer under § 727; and (3) whether the debtor transferred the property with the intent to defraud his creditors. Jurisdiction over this matter is based upon 28 U.S.C. § 1334(a) (Supp. V 1981). For the reasons stated below, the decision of the bankruptcy court is affirmed.

## I. FACTS

Pursuant to § 727(c)(1), C. Barney Poston, an unsecured creditor, filed a complaint objecting to discharge of the appellant based upon, *inter alia*, the debtor's fraudulent transfer of realty within one year of bankruptcy to himself and his wife as tenants by the entireties. The appellant moved to dismiss the action for failure to state a claim upon which relief could be granted, contending that the transaction occurred outside the one-year period. The bankruptcy judge found that the deed conveying the property to the tenants by the entireties was recorded on July 13, 1982 at 3:52 p.m. and that the debtor filed a Chapter 7 petition in bankruptcy court on July 13, 1983 at 8:30 a.m. Since the transfer took place within one year of filing a petition in bankruptcy, the bankruptcy court denied the motion to dismiss. At the trial, Judge Pearson found that the unsecured creditor filed a motion for judgment in the Circuit Court of Smyth County, Virginia against the debtor, and at the time of the records in the Circuit Court Clerk's Office reflected that the debtor owned a piece of real estate which could satisfy the potential judgment. On the day after the judgment was rendered, the debtor conveyed this realty to himself and his wife as tenants by the entireties with a right of survivorship as at common law. The debtor argued that the deed dated July 13, 1982 corrected a mistake in the prior deed to him from his parents dated December 30, 1981; however, the bankruptcy judge found that the debtor intended to defraud his creditors by excluding the property from a judgment which was rendered the previous day.

## II. DISCUSSION

 These factual findings are taken as correct and are the backdrop against which the legal issues are addressed since the parties are not contesting the factual findings and since no transcript of the proceedings was provided. The clearly erroneous standard obviously does not apply where the findings of fact are not contested. *In re Fort Smith Acoustical Co.*, 310 F.Supp. 226, 228 (W.D.Ark.1970). The district court may make an independent examination and determination of the questions of law and of mixed questions of law and fact. *Machinery Rental, Inc. v. Herpel (In re Multiponics, Inc.)*, 622 F.2d 709, 713 (5th Cir.1980); *Stafos v. Jarvis*, 477 F.2d 369, 372 (10th Cir.1973), *cert. denied*, 414 U.S. 944, 94 S.Ct. 230, 38 L.Ed.2d 168; 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2588, 2589 (1971).

 The appellee sought relief under 11 U.S.C. § 727(a)(2), which states:

(a) The court shall grant the debtor a discharge, unless—....

(2) the debtor, with intent to hinder, delay, or defraud a creditor ..., has transferred, ...

(A) property of the debtor, within one year before the date of the filing of the petition; or....

"Under this statute, four elements are required to be proven. The plaintiff must prove that:

1. A transfer of property has occurred;

2. It was property of the debtor;

3. The transfer was within one year of the date of the filing of the petition;

4. The defendant had, at the time of the transfer, the intent to hinder, delay or defraud a creditor."

*First National Bank & Trust Co. v. Reed (In re Reed)*, 18 B.R. 462, 463 (Bankr.E.D. Tenn.1982). The parties are not contesting

the first two elements; their disputes lie in the latter two.

### A. ONE YEAR

The bankruptcy judge correctly concluded that the transfer of property had happened within one year of filing a petition in bankruptcy. The factual basis reveals that the deed conveying to the tenants by the entireties was recorded July 13, 1982 at 3:52 p.m. and the debtor's Chapter 7 petition was filed on July 13, 1983 at 8:30 a.m.

■ To measure a period of time, there must be a point of beginning. The transfer of property triggers the clock. Thus, the first determination is what is a transfer. 11 U.S.C. § 101(40) defines a transfer as:

every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.

The proof must show "an actual transfer of valuable property belonging to the debtor which reduced the assets available to creditors and which was made with a fraudulent intent." 4 L. King, *Collier on Bankruptcy* ¶ 727.02[5] at 727–16 to –17 (15th ed. 1984). When the debtor relinquished his fee simple interest in the real estate to a tenancy by the entireties with a right of survivorship as at common law, he transferred property within the meaning of the Bankruptcy Code. The transfer became effective as to bona fide purchasers or third parties once it was recorded in the Circuit Court Clerk's Office on July 13, 1982. *Chippenham Hospital, Inc. v. Munden (In re Munden)*, 8 B.R. 142, 144 (Bankr.E.D.Va.1981).

■ With the point in time established, the next determination is when has a year run. Bankruptcy Rule 9006, dealing with computation of time, provides in pertinent part:

In computing any period of time prescribed or allowed by ... any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday....

This rule is an adaptation of Rule 6 of the Federal Rules of Civil Procedure. Bankruptcy Rule 9006(a) advisory committee note. "In computing the ... yearly period, the time of day at which any event occurred is immaterial. As a matter of practical computation, courts have held, without much discussion that monthly or yearly periods run from numerical date to numerical date." 2A *Collier on Bankruptcy* ¶ 31.02[2] at 1305 (14th ed. 1978) (citations in footnotes omitted).

Applying these principles to the facts *sub judice*, the first day of recordation, July 13, 1982, is excluded. Counting forward one year, the clock stops on July 13, 1983, the last day included in the year. Since the petition was filed on that date, the transfer was made within one year of the date of filing a petition in bankruptcy.

### B. EXEMPTION

The second issue raised on appeal is whether a claimed exemption can be subject to a fraudulent transfer under § 727. This court has not addressed this issue directly. *Johnston Memorial Hospital v. Hess (In re Hess)*, Civil Action No. 82–0139–A, (W.D.Va. Sept. 29, 1982) (unpublished), *aff'd in part*, 707 F.2d 507 (4th Cir.1983) (unpublished). The bankruptcy court correctly answered affirmatively but for the wrong reason.

On the eve of the creditor enforcing his judgment, the debtor removed this real estate from the creditor's reach by conveying the property to his wife and himself as tenants by the entireties. This action also exempted the property pursuant to 11 U.S.C. § 522(b)(2)(B) (Supp. V 1981), precluding the bankruptcy trustee from using its proceeds to satisfy the claims of his creditors. Under Virginia law, the creditors of one spouse may not attach real estate owned by tenants by the entireties;

only creditors with joint debts of both spouses may reach the entireties' realty. *Vasilion v. Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). This principle has been expanded so that proceeds of the entireties' realty are immune from creditors whom an individual spouse owes. *Oliver v. Givens*, 204 Va. 123, 127, 129 S.E.2d 661, 662–63 (1963) (holding that a husband's gift to his wife derived from the sale of entireties' property was not fraudulent as to the husband's creditors). Thus, the law provides the debtor with a shield behind which to shelter their property if his speculation forces him to go into bankruptcy. *Vasilion v. Vasilion*, 192 Va. at 742, 66 S.E.2d at 603.

■ The general rule is well established that in the eleventh hour a debtor may convert a part of his property which is not exempt into exempt items for the purpose of placing the property out of reach of his creditors when he claims the exemption. *In re Ford*, 3 B.R. 559, 577 (Bankr.D.Md. 1980), *aff'd sub nom.*, *Greenblatt v. Ford (In re Ford)*, 638 F.2d 14 (4th Cir.1981); *Schmidt v. White (In re White)*, 28 B.R. 240, 242 (Bankr.E.D.Va.1983); 3 L. King, *Collier on Bankruptcy* ¶ 522.08[4] at 522–36 to –37 (15th ed. 1984). *See generally*, Resnick, *Prudent Planning or Fraudulent Transfer? The Use of Nonexempt Assets to Purchase or Improve Exempt Property on the Eve of Bankruptcy*, 31 Rutgers L.Rev. 615 (1978). This rule was also well settled under the Bankruptcy Act of 1898, as revised. *In re Adlman*, 541 F.2d 999 (2d Cir.1976); *Wudrick v. Clements*, 451 F.2d 988 (9th Cir.1971) (per curiam); *Forsberg v. Security State Bank of Canova*, 15 F.2d 499 (8th Cir.1926). The courts have established this rule

> because the statutes granting exemptions have made no such exceptions, because the policy of such statutes is to favor the debtors, at the expense of the creditors, in the limited amounts allowed to them, by preventing the forced loss of the home and of the necessities of subsistence, and because such statutes are

construed liberally in favor of the exemption.

*Forsberg*, 15 F.2d at 501, *quoting Crawford v. Sternberg*, 220 F. 73, 76–77 (8th Cir.1915). Another reason which Judge Shelley recognizes in his decision is that creditors, who are presumed to know the law, assume the risk that debtors may invest their assets in exempt property. *White*, 28 B.R. at 242, *citing In re Wilson*, 123 F. 20, 22 (9th Cir.1903). When Congress enacted the Bankruptcy Reform Act of 1978, the legislators left this rule embedded in concrete. "As under current law, the debtor will be permitted to convert nonexempt property into exempt property before filing a bankruptcy petition. The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law." H.R.Rep. No. 595, 95th Cong., 1st Sess. 361, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6317. The rationale behind this policy is that "[t]he result which would obtain if debtors were not allowed to convert property into allowable exempt property would be extremely harsh, especially in those jurisdictions where the exemption allowance is minimal." 3 *Collier on Bankruptcy* ¶ 522.08[4] at 522–40. Generally, a debtor can convert nonexempt property into exempt items on the eve of bankruptcy.

■ The courts have long recognized a limitation of this rule: If the evidence reveals fraud apart and distinct from the mere transfer of nonexempt property into exempt, the debtor has transferred the property with the intent to defraud, hinder, or delay his creditors. The court may deny his discharge on one or more of these grounds. *Forsberg*, 15 F.2d at 502; *First Texas Savings Association v. Reed (In re Reed)*, 700 F.2d 986 (5th Cir.1983); *In re Rowe*, 234 F.Supp. 114, 116 (E.D.N.Y.1964) (these motivating factors are read in the disjunctive); *cf. In re Silansky*, 21 F.Supp. 41, 42–43 (E.D.Pa.1937) (court held bankrupt did not defraud creditor when he intentionally converted property into exempt life insurance policies because Pennsylvania statute provided an absolute exemption

without any statutory exception for fraud). The proof must show certain circumstances:

> [B]efore the existence of such fraudulent purpose can be properly found, there must appear in evidence some facts or circumstances which are extrinsic to the mere facts of conversion of nonexempt assets into exempt and which are indicative of such fraudulent purpose.

*Forsberg*, 15 F.2d at 502. In the *Forsberg* case, a creditor objected to the bankrupt's discharge because the farmer had traded his cattle and cash proceeds from the sale of his hogs for sheep that were exempt from creditors' actions under the South Dakota statute. *Id.* at 500. Under those facts the court of appeals found that no evidence in the record revealed any extrinsic circumstances to intent to defraud his creditors and held that the discharge should not have been denied on that ground. *Id.* at 502. The Second Circuit has held that evidence revealing that the bankrupt's wife's fear of losing their home and threat to leave her husband along with his insolvency at the time of conveyance showed that the transfer was motivated by intent to defraud, delay, or hinder creditors and justified denial of discharge. *Rothschild v. Lincoln Rochester Trust Co.*, 212 F.2d 584, 585 (2d Cir.1954).

■ The court is of the opinion that the general rule is that a debtor may, in contemplation of bankruptcy, convert his property from nonexempt items into and exempt and maximize those exemptions afforded him under the law of Virginia. This protection gives a debtor the rest of his "fresh start." However, if the transfer occurs within one year of the filing of a petition, the court will examine carefully the circumstances of the transfer to determine if there are extrinsic facts constituting fraud, hinderance, or delay to the creditors apart and distinguishable from a mere conversion of property. If such a fraudulent purpose is found, the claimed exemption is subject to the fraudulent transfer provision of § 727 and the debtor's discharge shall be denied.

## C. APPLICATION

■ The final question on appeal is whether the debtor transferred the property with the intent to defraud his creditors.

The intent required by § 727(a)(2) is actual fraudulent intent or actual intent to hinder or delay as opposed to constructive fraudulent intent. 1A Collier on Bankruptcy ¶ 14.47 (14th ed.); 4 Collier on Bankruptcy ¶ 727.02[3] (15th ed.) However, an inference of actual intent to hinder, delay, or defraud may be drawn from the defendant's actions. *In re Rubin*, 12 B.R. 436 (Bankr.S.D.N.Y.1981); *In re Bone*, 7 B.R. 549 (Bankr.M.D.Ga. 1980). See also *Rothschild v. Lincoln Rochester Trust Company*, 212 F.2d 584 (2d Cir.1954); *In re Woods*, 71 F.2d 270 (2d Cir.1934).

*First National Bank & Trust Co. v. Reed*, 18 B.R. at 464. *See First Texas Savings Association v. Reed*, 700 F.2d at 991. The plaintiff, usually the creditor or trustee, has the burden of proving his objection to the discharge at trial. Bankruptcy Rule 4005. If the party objecting has established a reasonable ground for denial by clear and convincing evidence, then the burden of going forward with the evidence shifts to the debtor. *Brown v. Buchanan (In re Brown)*, 419 F.Supp. 199, 201–02 (E.D.Va.1975). The question of whether a debtor has the necessary intent is usually a question of fact, 4 *Collier on Bankruptcy* ¶ 727.02[3] at 727–14, and a gratuitous transfer of valuable property raises a presumption that the transfer was accompanied by the actual fraudulent motive needed to ban discharge. *Id.* at 727–13 (citations omitted).

The Second Circuit has held that the creditor has established actual fraudulent intent if a "badge of fraud" is proven. Thus, in the situation where the wife held title to the residence that the debtor husband paid for and retained control over through shell corporations, the appellate court held that transferring property to a spouse and to a corporation wholly controlled by him while he was insolvent con-

stituted badges of fraud and clearly indicated a scheme to defraud creditors. *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582–83 (2d Cir.1983). *See also Stoner v. Walsh*, 24 Cal.App.3d 938, 101 Cal. Rptr. 485 (1972) (debtor not permitted to keep property obtained through scheme to defraud creditors). Courts also have denied discharges of debtors who have converted funds from their business accounts into exempt property. *See First Texas Savings Association v. Reed*, 700 F.2d at 992–93. Judge Shelley concluded that motivation was another important factor. *Schmidt v. White*, 28 B.R. at 240 citing *In re Majors*, 241 F. 538 (D.Ore.1917).

> Bankruptcy legislation and state exemption laws were not designed to protect the debtor who acts in bad faith to deprive his creditors of assets. The debtor who obtains exempt property because he has a good faith desire to own such property is not acting with fraudulent intent, and therefore, should be permitted to keep the property free of creditors' claims.

*Resnick, supra,* at 638 (footnote omitted) *cited in Schmidt v. White*, 28 B.R. at 240.

 In the case *sub judice,* the bankruptcy judge found that the relevant facts to this issue supported a motivation of fraud. At trial the debtor contended that his parents mistakenly conveyed this piece of realty to him alone instead of his wife and himself as tenants by the entireties in December, 1981. Yet he waited until July 13, 1982 to correct the alleged mistake. The day before he transferred his fee simple interest, the Circuit Court of Smyth County had rendered a judgment against him, and he then conveniently corrected the six-month old mistake. Considering the debtor's testimony and the circumstances surrounding the transfer, the bankruptcy court concluded that the primary motivation for the conversion was his intention to remove the real estate from the creditor's reach, not to correct the deed. Based upon this uncontested factual finding, the bankruptcy judge correctly applied the law to the facts and concluded the debtor acted with the intent to defraud, hinder or delay his creditors.

## III. CONCLUSION

Accordingly, the court concludes that the debtor transferred real estate within one year of filing a petition in bankruptcy, that the tenants by the entireties exemption may be subject to a fraudulent transfer, and that under the facts as the bankruptcy judge found them, the debtor had the intent to defraud, hinder or delay his creditors. Thus, the decision of the bankruptcy judge to deny his discharge is affirmed.

The Clerk of this court is directed to send certified copies of this Memorandum Opinion to counsel of record and to the United States Bankruptcy Court for the Western District of Virginia.