**In re David G. OLIVER, Debtor.**

**Civ. A. No. 84–0109–F.**

United States District Court,
D. Massachusetts.

Oct. 23, 1984.

Henry A. Moran, Jr., Springfield, Mass., for David G. & Nancy C. Oliver.

Maurice Cahillane, Egan, Flanagan & Egan, Springfield, Mass., for John J. Egan.

## MEMORANDUM

FREEDMAN, District Judge.

This matter is before me on defendants' appeal from an order of the Bankruptcy Judge allowing plaintiff trustee's motion for summary judgment. The Bankruptcy Judge ruled that the trustee could avoid a fraudulent transfer of real estate by the defendants, who are the debtor and his wife. The Court affirms the Bankruptcy Judge's Order.

Defendants David G. Oliver and Nancy C. Oliver own real estate in Westfield, Massachusetts on which they have their home. The defendants obtained title to this property in 1973 as tenants by the entirety. Under the Massachusetts common law rules governing tenancy by the entirety, each spouse had an indefeasible right of survivorship in the property. David Oliver, however, during his lifetime, had exclusive rights to possession, rents and profits from the property, while Nancy Oliver had no rights at all during her husband's lifetime. Furthermore, David Oliver's creditors could attach any interest he had in the property, while his wife's creditors could attach nothing. *Friedman v. Harold,* 638 F.2d 262 (1st Cir.1981); *West v. First Agricultural Bank,* 419 N.E.2d 262 (Mass. 1981).

In 1980, the Massachusetts legislature redistributed the rights of tenants by the entirety for tenancies created after the statute's enactment. Mass.Gen.Laws Ann. ch. 209, § 1 gives both spouses equal rights to the profits, control and possession of the property. Furthermore, the statute exempts the property from seizure by a creditor of the debtor spouse if the property is the principal residence of the non-debtor spouse.

In November 1980, the defendants transferred their Westfield property to a straw who transferred it back to them, thereby creating a tenancy by the entirety covered by the new statute and not by the old common law. No consideration passed from Nancy Oliver to David Oliver in this transaction. On February 13, 1981, defendant David G. Oliver filed a voluntary Chapter 7 bankruptcy petition. There is no dispute that David Oliver was insolvent in November 1980 when he changed the character of his tenancy by entirety.

Under 11 U.S.C. § 522(b)(2)(B), any interest a debtor had in a tenancy by the entirety before the filing of the petition that is exempt from process under applicable non-bankruptcy law is likewise exempt from the bankrupt estate. Because the Westfield property is Nancy Oliver's principal residence, the November 1980 straw transaction put the defendants' home beyond the reach of David Oliver's creditors.

The question is whether the November 1980 transaction is a fraudulent transfer within 11 U.S.C. § 548(a). This section reads in relevant part,

> The trustee may avoid any transfer of an interest of the debtor in property ... that was made ... within one year before the date of the filing of the petition, if the debtor—

. . . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer ...; and

(B)(i) was insolvent on the date that such transfer was made ....

The Bankruptcy Judge held that the November 1980 transaction falls within this section and that the trustee may avoid it and include the defendants' Westfield property in the debtor David Oliver's estate.

Defendants present essentially three arguments against the Judge's decision. First, defendants contend that changing the "old" common law tenancy by the entirety, into a "new" statutory one is not a transfer within the meaning of 11 U.S.C. § 101(41). The Court disagrees. Section 101(41) defines transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or with an interest in property ...." Given the drastic change in the distribution of rights between tenants in the entirety that the 1980 statute wrought, David Oliver parted with quite a considerable interest in property when he and his wife changed their old common law tenancy into one governed by the new statute. David Oliver gave up his exclusive rights to possession and profits, and created a tenancy in which he would share them equally with his wife. This amounts to a transfer within the meaning of § 101(41).

Defendants' second argument is that it would conflict with Massachusetts' policy of equalizing the rights of tenants by the entirety to call this November 1980 transaction fraudulent. It is true that the new ch. 209, § 1 is written to allow exactly what occurred here: the statute does not limit its application to tenancies over a year old, or exclude from exemption debts contracted prior to the creation of the tenancy, for example.

However, the Court believes there is no conflict with Massachusetts public policy in calling this transfer fraudulent.

The flaw in defendants' transaction is not that they took advantage of a new state policy that creates a bankruptcy exemption, it is that they did so without "a reasonably equivalent value in exchange for such transfer ...." 11 U.S.C. § 548(a)(2)(A). If Nancy Oliver had given David Oliver reasonably equivalent value in exchange for the new rights she received, the trustee would have been unable to avoid the transfer.

Defendants' final argument is that it has been held that conversion of non-exempt to exempt property, even on the eve of bankruptcy, has been held not to be fraud. *Love v. Menick*, 341 F.2d 680, 682 (9th Cir.1965). *Menick* is a pre-Bankruptcy Act case in which the court seemed to require an actual finding of fraudulent intent before such an eleventh-hour transfer could be found fraudulent. Here, the Court notes that intent is not an issue, as indeed it could not be because of the summary judgment posture of the case. *Hahn v. Sargent*, 523 F.2d 461, 468 (1st cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Rather, defendants' November 1980 transfer falls within the letter of 11 U.S.C. §§ 548(a)(2)(A) & (B)(i). Instead of relying on the *Menick* decision, the Court instead looks for guidance to two recent cases decided under the 1978 Bankruptcy Act, which allowed the trustee to avoid fraudulent transfers in circumstances very similar to the ones at bar. *In re White*, 28 B.R. 240, 243–44 (Bankr.E.D.Va. 1983) (violation of § 548(a)(2)(B)(i) where husband-debtor transferred his property to himself and his wife for no consideration three months before filing bankruptcy petition); *Butz v. Wheeler*, 17 B.R. 85, 88 (Bankr.S.D.Ohio 1981) (fraudulent conveyance under §§ 548(a)(2)(A) & (B)(i) where husband, while insolvent, transferred to wife his interest in tax refunds in exchange for her faithful performance of household duties).

The Court affirms the Bankruptcy Judge's Order. The defendants' November

1980 straw transaction that changed their old common law tenancy by the entirety into a new statutory one is a fraudulent conveyance within the meaning of 11 U.S.C. §§ 548(a)(2)(A) & (B)(i). The trustee may avoid the transfer.

An appropriate Order shall issue.